SARAH ANN WESSELLS *vs*. FRANCIS M. WESSELLS & others.

October Term, 1872.

PRACTICE—ORDER OF REFERENCE WHEN MADE.—The court has no power, except by consent of parties, to make an order of reference in a cause which involves the rights of parties, until the cause has been prepared and set for hearing, and regularly reached on the Trial docket.

*J. H. Shankland*, for complainant.

No counsel for defendants.

THE CHANCELLOR :—The question submitted to me in this case is one well worthy of careful consideration ; but, upon looking into the record, it seems to me that the case is not in a condition to allow any valid proceedings to be taken.

The bill was filed on the 21st of September, 1872, and is against non-resident defendants entirely, without any attachment of property. The order of publication was made on the same day, requiring the defendants to enter their appearance on the third Monday of October of the present term. Previous to the New Rules adopted by the legislature on the 14th December, 1871, no valid *pro confesso*, nor, of course, any other valid proceeding could be had upon such a state of facts at this term. The defendants would be entitled to enter their appearance, and make defence at the next term. Whether, under section 3 of Rule XI of the New Rules, the practice has been changed in this respect deserves serious consideration, and I would not undertake to decide the point without hearing counsel. "This mode of practice (of taking bills for confessed), as has been said by our Supreme Court, is of such serious consequence to the rights of parties, that it is both proper and necessary that it should be strictly confined within the limits prescribed by the statutes and rules of court." *Lanum* v. *Steel*, 10 Hum. 282. To bind non-residents in particular, the law should be strictly pursued, especially where, as in this case, the object is to sell real estate, and third persons as purchasers may become involved.

The object of the bill is to set up a lien on real estate descended to heirs, for unpaid purchase-money, by the widow of the ancestor, upon the ground that she paid the purchase-money after the death of the ancestor, her husband, and is entitled to be subrogated to the rights of the vendor. The bill is entirely silent as to whether there was any administration on the husband's estate, and what became of his personal assets, if he had any. The bill also asks that complainant be declared entitled to dower, and for a sale of the land.

The Code provides that bills may be taken for confessed upon proper publication, if the defendant fails to appear within the time prescribed by the law, § 4369. But it also provides, by § 4371, that whenever an order *pro confesso* is lawfully had, the allegations in the bill are to be taken as admitted, *except in certain cases specified*, one of them being the case before us, when the bill is against non-residents. In that case, it is provided by § 4373, that "the complainant may proceed as if the allegations of the bill had been put in issue by answer not sworn to, with the right to set for hearing forthwith." That is, I take it, if the bill be sufficiently sustained by exhibits which are themselves evidence, or if its allegations can be satisfactorily established by documentary evidence which may be filed at any moment, and whenever the complainant can make out his case by evidence, he may "set for hearing forthwith." But he must prepare his case for hearing, precisely as he would have to do if he had waived the oath to the defendant's answer, and the defendant had answered denying the equity of the bill. And by § 4374, the manner of taking testimony in such cases is provided for.

In the case before us, the bill is not supported by exhibits, or any documentary evidence whatever. Nor is it sustained by any proof taken in conformity with the provisions of the Code, nor has the cause been regularly set for hearing, and tried on the merits. From the numbers on the papers, the cause is still on the Rule Docket. The complainant's counsel seems to have, upon motion, had a reference to the clerk

and master "to ascertain the amount of purchase-money due Mrs. Wessells by substitution," also the value of her life estate, and whether the land is susceptible of partition and a sale necessary. And it is upon this reference that the clerk and master has made his report, and taken the evidence submitted with it.

It has become a common practice in this court, although repeatedly reprobated by my predecessor, to make references and order accounts before a hearing of the cause on its merits. This is a very loose practice, "more honored in the breach than in the observance," which greatly increases the labors of the clerk and master without, in the end, benefitting the parties. But this practice is always the work of the parties, and can only be done by consent. The court has no such power. It can only make such references, when they involve the rights of the parties on the merits, after the merits have been heard and determined by decree. It follows, therefore, that no such references can legitimately be made where some of the parties are not represented by counsel, except after a hearing of the cause. The reference taken in this case was not authorized by any law or rule of practice of which I am aware, and must be set aside, and the cause remanded to, or left on the Rule Docket to be regularly proceeded with.